**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| David Berger, and Berger Table Pads, Inc., | Civ. No. 17-4326 (PJS/BRT) |
| Plaintiffs, | |
| v. | **ORDER ON PLAINTIFFS' VERIFIED SECOND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| Lydon-Bricher Manufacturing Company, and Sentry Table Pad Co., | |
| Defendants. | |

---

This matter is before the Court on Plaintiffs' Verified Second Motion for Leave to File Second Amended Complaint (Doc. No. 43). The Court held a hearing on the motion on November 19, 2018. (Doc. No. 52.) Based on the file, records, and proceedings herein, and as further discussed below, Plaintiffs' motion is granted, subject to multiple conditions as set forth in this Order.

## BACKGROUND

Plaintiffs commenced their patent infringement action on September 20, 2017. (Doc. No. 1.) They filed an Amended Complaint on December 27, 2017, after Defendants pointed to deficiencies in Plaintiffs' original pleading during a meet and confer on a potential motion to dismiss. (Doc. No. 14; *see* Doc. No. 50, Decl. of Theodore M. Budd in Opp'n ("Budd Decl.") ¶¶ 6–7, Exs. D, E.) Defendants timely answered the Amended Complaint on February 16, 2018. (Doc. No. 19.) In the Amended Complaint, Plaintiffs asserted only claim 1 of U.S. Patent No. 6,165,577, attaching a copy of the patent as Exhibit A. (Doc. No. 14.) A one-page "Illustration of Defendants' embodiment" was

attached as Exhibit B. (*Id.*) Consistent with the Amended Complaint, Plaintiffs identified only claim 1 in their Rule 26(f) Report describing their patent infringement claims. (Doc. No. 25.) In their Rule 26(f) Report description, Defendants denied infringing at least claim 1. (*Id.*) United States Magistrate Judge Franklin Noel entered a scheduling order on April 19, 2018. (Doc. No. 29.) The case was then reassigned to the undersigned on May 7, 2018. (Doc. No. 30.) On May 10, 2018, the parties jointly submitted a proposal to amend the Scheduling Order to correct a typographical error in the fact discovery deadline. (Doc. No. 31.) An Amended Scheduling Order was issued on May 11, 2018. (Doc. No. 35.)

> With respect to pleadings, the Amended Scheduling Order provided the following:
>
> Once a party has given the necessary discovery, the opposing party may seek leave of Court to add claims or defenses for which it alleges consistent with Fed. R. Civ. P. 11, that it has support, and such support shall be explained in the motion seeking leave. Leave shall be liberally given where prima facie support is present, provided that the party seeks leave as soon as reasonably possible following the opposing party providing the necessary discovery.

(*Id.* at ¶ A(1)(b).) The Order restated a September 1, 2018 deadline for the filing and service of all motions that sought to amend the pleadings or to add parties. (*Id.* at ¶ G(1)(A).)

Plaintiffs' filed a motion to amend the Amended Complaint on August 31, 2018. (Doc. No. 38.) It was deficient in almost every way. Plaintiffs' counsel never even attempted to meet and confer with Defendants' counsel. They did not seek a hearing date for the motion. They did not file a memorandum of law. And, they did not submit a redlined version of the proposed Second Amended Complaint. (*See* Doc. No. 49, Defs.'

Mem. of Law in Opp'n to Pls.' Second Mot. for Leave to File Second Am. Compl. ("Defs.' Opp'n") 5–6, n.1.) Plaintiffs' motion was stricken on September 4, 2018. (Doc. No. 38, text entry.) On September 12, 2018, Plaintiffs' counsel learned that their motion had been stricken. (Doc. No. 45, Mem. of Law in Supp. of Pls.' Verified Second Mot. for Leave to File Second Am. Compl. ("Pls.' Mem.") 2.) Plaintiffs filed a second motion to amend six days later on September 18, 2018, which is the motion presently before the Court. (Doc. No. 43.) Despite their deficiencies being flagged, Plaintiffs' counsel still did not submit a redlined version of the proposed Second Amended Complaint, in violation of Local Rule 15.1(a).

## ANALYSIS

Plaintiffs contend that they timely moved to amend their Amended Complaint on August 31, 2018, even though the motion was later stricken. While it is true that Plaintiffs' counsel did not learn that their motion had been stricken until September 12, 2018, due to the way it was docketed, there is no question that a motion—in compliance with the Local Rules—was not filed by the motion deadline. Accordingly, in the Court's view, Plaintiffs' later filed motion, on September 18, 2018, should have included a request for an extension to the deadline for amending pleadings pursuant to Local Rule 16.3. Local Rule 16, had it been argued, would have required Plaintiffs to "(1) establish good cause for the proposed modification; and (2) explain the proposed modification's effect on any deadlines." D. Minn. LR 16.3(b). The interplay between Federal Rule of Civil Procedure 15(a) and Rule 16(b) is settled in this circuit. "If a party files for leave to amend outside of the court's scheduling order, the party *must* show cause to modify the

schedule." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (emphasis added). "To permit district courts to consider motions to amend pleadings under Rule 15(a) without regard to Rule 16(b) would render scheduling orders meaningless and effectively . . . read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (quotations omitted). Here, Plaintiffs' made no effort to satisfy Local Rule 16.3.

Even if Plaintiffs could satisfy Local Rule 16.3, or successfully argue that their deficient—and stricken—motion was timely filed, Plaintiffs' motion fails to satisfy even the liberal standards of Rule 15.[1] Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. *See, e.g.*, *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 749 (8th Cir. 1986). The Eighth Circuit has held that "[a]lthough amendment of a complaint should be allowed liberally to ensure that a case is decided on its merits, . . . there is no absolute right to amend." *Ferguson v. Cape Girardeau County*, 88 F.3d 647, 650–51 (8th Cir. 1996) (citations omitted). Denial of leave to amend may be justified by "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

---

[1] Tellingly, a 24-line argument in Plaintiffs "Memorandum of Law" never cites a case or even mentions the standard for granting a Rule 15 amendment in the Eighth Circuit.

Here, the Court finds undue delay. Plaintiffs' counsel candidly admitted—*and the Court very much appreciates Plaintiffs' counsel's candor at the hearing*—that Plaintiffs had all of the information included in their proposed Second Amended Complaint, including the information needed to complete Exhibit B, at the time the lawsuit was commenced in September 2017. In other words, Plaintiffs' proposed Second Amended Complaint is in no way tied to discovery Plaintiffs needed to obtain from Defendants or a third party. Plaintiffs' counsel—again, candidly—offered no excuse for not including these allegations and detail in their original Complaint, their first Amended Complaint, or their July 1, 2018 Claim Chart.

An amendment at this time will cause unfair prejudice to Defendants. In addition to setting the deadline for amending the pleadings, the Scheduling Order set deadlines for the typical exchanges in patent cases. Significantly, the Scheduling Order set a July 1, 2018 deadline for Plaintiffs' Claim Chart and August 1, 2018 deadline for Defendants' responsive Claim Chart. (*Id*.) As discussed in *BreathableBaby, LLC v. Crown Crafts, Inc*.:

> Requiring parties to identify and commit to theories of liability early serves to focus discovery and to advance the efficient disposition of the case. The nature of a patent infringement claim or invalidity defense encourages strategies to delay producing information through discovery or otherwise until the opposing side has disclosed the basis for its claims, contributing to lengthy delays and high costs. One approach is for the court to require the parties to submit detailed statements of their claims and defenses early in the litigation either at the outset of the case, as part of a discovery scheduling order, or, where the accused product is unavailable or otherwise not subject to examination, following limited discovery.

No. 12-cv-94 (PJS/TNL), 2014 WL 3928526, at *3 (D. Minn. Aug. 12, 2014) (quotations omitted).

The Local Rules for the District of Minnesota provide that "[u]nless the court orders otherwise, the parties must use the Rule 26(f) Report and Proposed Scheduling Order Form." D. Minn. LR 26.1(b). The District of Minnesota provides a form specifically for patent cases. This form includes the following:

> (B) Plaintiff's claim chart must provide a complete and detailed explanation of:
>
>   (i) which claim(s) of its patent(s) it alleges are being infringed;
>
>   (ii) which specific products or methods of defendant's it alleges literally infringe each claim;
>
>   (iii) where each element of each claim listed in paragraph (e)(1)(B)(i) is found in each product or method listed in paragraph (e)(1)(B)(ii), including the basis for each contention that the element is present; and
>
>   (iv) if there is a contention by plaintiff that there is infringement of any claims under the doctrine of equivalents, plaintiff must separately indicate this on its claim chart and, in addition to the information required for literal infringement, plaintiff must also explain each function, way, and result that it contends are equivalent, and why it contends that any differences are not substantial.
>
> Plaintiff may amend its claim chart only by leave of the Court for good cause shown.

Rule 26(f) Report and Proposed Scheduling Order (Patent Cases) at ¶ (e)(1)(B), http://www.mnd.uscourts.gov/local_rules/forms/Rule26f-report-patent_cases.pdf. It is apparent that the parties used the Form and agreed in their Rule 26(f) Report that the parties could amend their claim charts "only by leave of the Court for good cause

shown." (Doc. No. 25, Rule 26(f) Report (quoting Rule 26(f) Report and Proposed Scheduling Order (Patent Cases) at ¶ (e)(1)(B)).)

Magistrate Judge Noel adopted the jointly proposed dates for patent exchanges presented by the parties in the Court's original Scheduling Order. The deadline for Plaintiffs' Claim Chart was July 1, 2018. Defendants' Claim Chart was due on August 1, 2018. No later than forty-five days after the receipt of Plaintiffs' Claim Chart, Defendants' Prior Art Statement was due. This meant that Plaintiffs' Prior Art Statement would have been served mid-August. Other exchanges typical in patent cases were set in the original and amended Scheduling Orders, including the deadlines for a list of claim terms, phrases, or clauses that each party contended should be construed by the Court. Many of those dates have now passed.

Plaintiffs served their Claim Chart on June 29, 2018. (Doc. No. 36.)[2] Defendants served their responsive Claim Chart on August 1, 2018. (Doc. No. 50, Budd Decl. ¶ 9, Ex. G.) In their response, Defendants identified multiple deficiencies with Plaintiffs' Claim Chart, including the failure to identify specific accused products; failure to identify where each element of the claim is found; and failure to explain each function way, and result that Plaintiffs contend are equivalent, and why any differences are not substantial. (*Id.*)

Plaintiffs did not take any steps to amend their Claim Chart by leave of Court for good cause shown. Instead, Plaintiffs waited about thirty days and filed their deficient

---

[2] Plaintiffs unnecessarily filed their Claim Chart.

motion to amend on August 31, 2018, seeking to include allegations of infringement of claims 4 and 5 in the body of a Second Amended Complaint and incorporating a detailed claim chart as Exhibit B to the Second Amended Complaint.

The Court agrees with Defendants that an amendment now will cause a delay in the Court's pretrial schedule. Specifically, it will force Defendants to prepare a new responsive Claim Chart and potentially require rework of Defendants' Prior Art Statement, not to mention other exchanges. Again, Plaintiffs' counsel candidly admitted that they had all the information available to assert claims 4 and 5 and to prepare a proper Claim Chart from the very commencement of the case on September 20, 2017 – now, more than fourteen months ago. At the hearing, Plaintiffs' counsel also conceded that their present motion to amend was triggered by the notice of deficiencies identified by Defendants in their responsive Claim Chart in early August. Plaintiffs offer no explanation for the delay. While the Court does not find "bad faith on the part of the moving party," Plaintiffs' delay combined with their deliberate litigation strategy does not comport with their joint Rule 26(f) Report, the Scheduling Orders, Rule 15 or Local Rule 16.

The Court, however, is reluctant to completely preclude Plaintiffs from litigating merits of the case if the unfair prejudice caused by Plaintiffs' undue delay can be addressed, and where, in this instance, denying the motion to amend could potentially subject Defendants to another lawsuit. The Court finds that at this stage of this case the resulting unfair prejudice can be sufficiently addressed with an award of reasonable

attorney fees to Defendants pursuant to 28 U.S.C. § 1927.[3] *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 723–24 (8th Cir. 2008) (stating that § 1927 "authorizes a district court to require an attorney to reimburse the excess costs and attorney's fees reasonably incurred by the opposing party as a result of an attorney's unreasonable and vexatious multiplication of the proceedings" (quotations and alterations omitted)).

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "Courts have interpreted this statute to warrant the award of fees when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Lee v. L.B. Sales, Inc.*, 177 F3d 714, 718 (8th Cir. 1999) (quotations omitted) (reviewing magistrate judge decision, affirmed by the district court, to award sanctions under § 1927, but remanding for further findings of fact).

When awarding costs and fees under § 1927 as a sanction, the court must enter findings of fact. *See id.* ("A district court must enter findings of fact in ruling on a motion for sanctions."). These fact findings "ensure that the sanctions address the excess costs

---

[3] The Court recognizes that the payment of attorney fees alone to defend amended allegations may sometimes not satisfy a showing of unfair prejudice. To be clear, the unfair prejudice is not simply that Defendants will incur costs due to responding to the Second Amended Complaint and amended claim chart, but that Defendants will suffer unfair prejudice because Plaintiffs have now caused undue delay in the litigation, disrupting everyday business within the Defendant companies, and forcing the Defendants to respond to shifted theories. (*See* Doc. No. 49, Defs.' Opp'n 11.)

resulting from the misconduct, provide the sanctioned party an adequate opportunity to respond, and facilitate meaningful appellate review." *Id.*

Here, the Court makes the following findings of fact:

- Plaintiffs had all the information included in their proposed Second Amended Complaint, including the information needed to complete Exhibit B, at the time the lawsuit was commenced in September 2017. In other words, Plaintiffs' proposed Second Amended Complaint is in no way tied to discovery Plaintiffs needed to obtain from Defendants or a third party.

- Plaintiffs had all of the information available to prepare a compliant initial Claim Chart pursuant to the Scheduling Order, and failed to serve a proper Claim Chart by their deadline.

- Plaintiffs delivered a deficient Claim Chart, forcing Defendants to rely on a deficient Claim Chart in order to prepare Defendants' responsive Claim Chart. The Court has reviewed Plaintiffs' initial Claim Chart and finds that it did not include the content required pursuant to the Scheduling Order.

- Plaintiffs should have been aware that their Claim Chart was deficient, but were aware of the deficiencies in their Claim Chart at least by August 1, 2018.

- Defendants were forced to rely on a deficient Claim Chart when preparing their Prior Art Statement;

- Plaintiffs never took any steps to seek leave of Court to amend their deficient Claim Chart as they had agreed to in their Joint Rule 26(f) Report and as is the practice in this District if amendments to patent exchanges are sought.

- Instead of seeking leave to amend the initial Claim Chart, Plaintiffs prepared a more detailed Claim Chart as an attachment to the proposed Second Amended Complaint.

- On the last day before motions to amend the pleadings were due, and without making any attempt to meet and confer with Defendants, Plaintiffs filed a motion to amend their Amended Complaint on August 31, 2018. The Court reviewed the motion and determined that it clearly failed to comply

10

- with the Local Rules. It was therefore stricken on September 4, 2018; however, due to a docketing error, Plaintiffs' counsel were not made aware of this until September 12, 2018.

- Plaintiffs then filed a second motion to amend their Amended Complaint on September 18, 2018. Not informing the Court of any urgency, a hearing was set for November 13, 2018 and then rescheduled for November 19, 2018.

- Allowing an amendment now means that claims that could have originally been included are asserted more than one year after the litigation commenced.

- At the hearing, Plaintiffs' counsel candidly admitted they had no excuse for failing to include the additional asserted claims in their pleadings or in a compliant Claim Chart when originally filed or when the Claim Chart was originally due on June 1, 2018.

- The deadlines for the typical patent exchanges have now passed.

- Plaintiffs should have prepared a proper initial Claim Chart to begin with. Plaintiffs should have immediately sought leave to amend their initial Claim Chart when they received notice from Defendants of the deficiencies on August 1, 2018. Plaintiffs should not have waited about thirty days to file a deficient motion to amend on August 31, 2018, meanwhile forcing Defendants to rely on a deficient Claim Chart to prepare Defendants' Response and Prior Art Statement.

- If the Court allows Plaintiffs' to file their proposed Second Amended Complaint and an amended Claim Chart, Defendants will need to redo their work on their responsive Claim Chart and Prior Art Statement, and reconsider positions on claim construction. It is also possible, but not certain, that discovery is implicated.

- Plaintiffs' and their counsel's conduct, while not dishonest, was unreasonable and vexatious.

- To address the unfair prejudice caused by this conduct, an award of attorneys' fees to Defendants for reworking their responsive Claim Chart, Prior Art Statement, and consideration of claim construction positions is warranted.

Plaintiffs' and their counsel's conduct meets the standard set forth in 28 U.S.C. § 1927.[4]

**ORDER**

For the reasons stated above, and based on the file, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Verified Second Motion for Leave to File Second Amended Complaint (Doc. No. 43) is **GRANTED, subject to the following conditions**:

    a. Plaintiffs must file their Second Amended Complaint by **December 6, 2018**. If they do so, Defendants' Answer is due on **January 18, 2019**.

    b. Plaintiffs' Exhibit B will be accepted as Plaintiffs' Amended Claim Chart.

    c. Defendants may submit an affidavit supporting the reasonable attorneys' fees incurred with updating their patent exchanges[5] by **March 15, 2019**. Defendants are advised that this submission will be carefully scrutinized for reasonableness.

    d. If any depositions need to be re-taken due to the amendments

---

[4] Black's Law Dictionary defines "vexatious" as "without reasonable or probable cause or excuse; harassing; annoying." *Vexatious*, Black's Law Dictionary (10th ed. 2014). Plaintiffs' conduct—again not arising to bad faith—meets the definition of vexatious.

[5] This should not include fees or costs incurred with preparing the Answer to the Second Amended Complaint, unless the work involved in preparing the Answer directly relates to responding to the Claim Chart attached as Exhibit B to the Second Amended Complaint.

allowed by this Order, Defendants must inform the Court in a supplemental submission to be filed no later than **December 21, 2018**. The Court reserves the right to award attorney fees and expenses related to these depositions, upon a request made by Defendants after the depositions and upon a showing of reasonableness. This request must be made with the **March 15, 2019** submission referenced above.

2. A Second Amended Pretrial Scheduling Order will be issued separately.

Date: November 30, 2018

           *s/ Becky R. Thorson*
           BECKY R. THORSON
           United States Magistrate Judge